**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1001**

YONAS KIROS-WOMBER,

       Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 21, 2008     Decided:  November 10, 2008

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Fitsum A. Alemu, Arlington, Virginia, for Petitioner.  Gregory G. Katsas, Assistant Attorney General, Michelle G. Latour, Assistant Director, Sunah Lee, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yonas Kiros-Womber, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Kiros-Womber first challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Kiros-Womber fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Kiros-Womber's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because

2

Kiros-Womber failed to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Kiros-Womber failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). We find that Kiros-Womber failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED